1

2

3

4

5

6

7

8                               UNITED STATES DISTRICT COURT

9                               EASTERN DISTRICT OF CALIFORNIA

10

11    EVALYN ANA MENDOZA,                      Case No. 1:24-cv-01529-CDB (SS)

12                    Plaintiff,               ORDER GRANTING APPLICATION TO
                                               PROCEED *IN FORMA PAUPERIS* AND
13           v.                                DIRECTING CLERK OF THE COURT TO
                                               ISSUE SUMMONS, SCHEDULING ORDER,
14    COMMISSIONER OF SOCIAL                   AND CONSENT OR REQUEST FOR
      SECURITY,                                REASSIGNMENT DOCUMENTS
15
                      Defendant.               (Doc. 2)
16

17

18           Plaintiff Evalyn Ana Mendoza ("Plaintiff") initiated this action with the filing of a

19    complaint on December 13, 2024, seeking review of the final decision of the Commissioner of

20    Social Security denying disability benefits.  (Doc. 1).  Plaintiff did not pay the filing fee and

21    instead filed an application to proceed *in forma pauperis* (or "IFP") pursuant to 28 U.S.C. § 1915.

22    (Doc. 2).  For the following reasons, the Court finds issuance of the new case documents and

23    Plaintiff's application to proceed *in forma pauperis* appropriate.

24    **I.      Proceeding *in forma pauperis***

25           The Court may authorize the commencement of an action without prepayment of fees "by

26    a person who submits an affidavit that includes a statement of all assets such person…possesses

27    (and) that the person is unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a).

28    Here, the Court has reviewed Plaintiff's application and financial status affidavit (Doc. 2) and

1    finds the requirements of 28 U.S.C. § 1915(a) are satisfied.

2    **II.     Screening Requirement**

3         When a party seeks to proceed *in forma pauperis*, the Court is required to review the

4    complaint and shall dismiss the complaint, or portion thereof, if it is "frivolous, malicious or fails

5    to state a claim upon which relief may be granted; or…seeks monetary relief from a defendant

6    who is immune from such relief."  28 U.S.C. §§ 1915(b) & (e)(2).  A plaintiff's claim is frivolous

7    "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not

8    there are judicially noticeable facts available to contradict them."  *Denton v. Hernandez*, 504 U.S.

9    25, 32-33 (1992).

10   **III.    Pleading Standards**

11        A complaint must include a statement affirming the court's jurisdiction, "a short and plain

12   statement of the claim showing the pleader is entitled to relief; and…a demand for the relief

13   sought, which may include relief in the alternative or different types of relief."  Fed. R. Civ. P.

14   8(a).  The purpose of the complaint is to give the defendant fair notice of the claims, and the

15   grounds upon which the complaint stands.  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512

16   (2002).  As set forth by the Supreme Court, Rule 8:

17           … does not require detailed factual allegations, but it demands more than an
             unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers
18           labels and conclusions or a formulaic recitation of the elements of a cause of action
             will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of
19           further factual enhancement.

20   *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (internal quotation marks and citations omitted).

21   Vague and conclusory allegations do not support a cause of action.  *Ivey v. Board of Regents*, 673

22   F.2 266, 268 (9th Cir. 1982).  The *Iqbal* Court clarified further,

23           [A] complaint must contain sufficient factual matter, accepted as true, to "state a
             claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S.
24           544, 570 (2009).  A claim has facial plausibility when the plaintiff pleads factual
             content that allows the court to draw the reasonable inference that the defendant is
25           liable for the misconduct alleged.  *Id*. at 556.  The plausibility standard is not akin
             to a "probability requirement," but it asks for more than a sheer possibility that a
26           defendant has acted unlawfully.  *Id*.  Where a complaint pleads facts that are "merely
             consistent with" a defendant's liability, it "stops short of the line between possibility
27           and plausibility of "entitlement to relief."

28   *Iqbal*, 556 U.S. at 678.  When factual allegations are well-pled, a court should assume their truth

2

1   and determine whether the facts would make the plaintiff entitled to relief; legal conclusions are

2   not entitled to the same assumption of truth.  (*Id*.).  The Court may grant leave to amend a complaint

3   to the extent deficiencies of the complaint can be cured by an amendment.  *Lopez v. Smith*, 203

4   F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

5   **IV.     Discussion and Analysis**

6          Plaintiff seeks review of a decision by the Commissioner of Social Security denying

7   disability benefits.  (Doc. 1).  The Court may have jurisdiction pursuant to 42 U.S.C. § 405(g),

8   which provides:

9
10   Any individual after any final decision of the Commissioner made after a hearing to
     which he was a party, irrespective of the amount in controversy, may obtain a review
     of such decision by a civil action commenced within sixty days after the mailing to
11   him of such decision or within such further time as the Commissioner may allow.
     Such action shall be brought in the district court of the United States for the judicial
12   district in which the plaintiff resides or has his principal place of business…The
     court shall have power to enter, upon the pleadings and transcript of the record, a
13   judgment affirming, modifying, or reversing the decision of the Commissioner of
     Social Security, with or without remanding the cause for a rehearing.

14

15   (*Id*.).  Except as provided by statute, "[n]o findings of fact or decision of the Commissioner shall

16   be reviewed by any person, tribunal, or governmental agency."  42 U.S.C. § 405(h).

17          Following the final decision of the Commissioner of Social Security denying disability

18   benefits, the Appeals Council gave Plaintiff 60 days from November 21, 2024, plus an additional

19   five (5) days for mail delivery, to file a civil action.  (Doc. 1 at 1, ¶ 2).  On December 13, 2024,

20   Plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final

21   decision.  *See id*.  Thus, Plaintiff's complaint is timely.  Plaintiff claims residency in Orange

22   Cove, California.  (*Id*. at 2, ¶ 4).  Therefore, the Court has jurisdiction over this action.

23

24                                   *Remainder of This Page Intentionally Left Blank*

25

26

27

28

3

1  **V.      Conclusion and Order**

2         Plaintiff's complaint states a cognizable claim for review of the administrative decision

3  denying Social Security benefits.  ACCORDINGLY, IT IS HEREBY ORDERED that Plaintiff's

4  application to proceed *in forma pauperis* (Doc. 2) is GRANTED. The Clerk of Court is directed to

5  issue the following: 1) a Summons; 2) the Scheduling Order; 3) the Order re Consent or Request

6  for Reassignment; and 4) a Consent to Assignment or Request for Reassignment form.

7  IT IS SO ORDERED.

8     Dated:    **December 17, 2024**

9                                                    UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4